UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01970 JVS (JDE) | Date | December 13, 2022 |
| Title | Agnes Luk v. Costco Wholesale Corporation et al | | |

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Remand**

Defendant Costco Wholesale Corporation ("Costco") removed the present case from California state court to federal court on October 26, 2022. (Notice of Removal, Dkt. No. 1.) Plaintiff Agnes Luk ("Luk") moves to remand this case back to the Superior Court of California for the County of Orange. (Mtn., Dkt. No. 8.) Costco opposed the motion (Opp'n., Dkt. No. 11) and Luk responded (Reply, Dkt. No. 13).

For the following reasons, the Court **DENIES** Luk's motion.

**I. BACKGROUND**

The following contentions are taken from the parties' filings. Luk alleges that she slipped and fell at a Costo location in Cypress, California on June 27, 2019. (Mtn. at 2.) As a result of the fall, Luk alleges she suffered a broken knee which required surgery and physical therapy. (Id.) Luk's attorney filed a complaint in California state court on June 23, 2021 as an unlimited civil case, seeking general and compensatory damages. (Notice of Removal, Ex. B.) The complaint stated "Spilled food was on the floor and plaintiff walked on the spill and fell breaking her knee." (Id.) The initial complaint did not list a specific amount of damages. (Id.) Costco received service of process on November 16, 2021. (Mtn. at 2.)

Following the state court's denial of Costco's demurrer, Costco filed an answer to Luk's complaint and sent discovery requests to Luk's attorney on February 14, 2022. (Id.) After an initial delay, Luk's attorney acknowledged receipt of Costco's discovery and made a settlement offer on April 18, 2022. (Opp'n. at 3.) Costco rejected the initial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01970 JVS (JDE) | Date | December 13, 2022 |
| Title | Agnes Luk v. Costco Wholesale Corporation et al | | |

offer and Luk made a second settlement offer on April 23, 2022.  (Id.)  It was at this point Costco discovered Luk's attorney had been suspended by the State Bar of California and was no longer eligible to practice law.  (Id.)  Luk's attorney informed Costco it should contact Luk directly moving forward, but did not provide Costco with Luk's contact information.  (Id.)  Costco asserts it was also unable to locate Luk's contact information in its member database and therefore filed a Motion to Deem Requests Admitted in an attempt to close out the case.  (Id.)

Luk retained new counsel on September 15, 2022 who provided responses to the discovery requests and requested Costco take their Motion to Deem Requests Admitted off the calendar. (Mtn. at 3.)  Costco chose to keep the motion on calendar "until proper investigation could be done" regarding whether Luk was actually at the Costco store at which she alleged to have fallen. (Opp'n. at 4.) On October 13, 2022, Luk served her Statement of Damages which stated she sought damages in the amount of $11,000,000. (Statement of Damages, Dkt. No. 1, Ex. G.)  On October 26, 2022, Costco filed a Notice of Removal pursuant to 28 U.S.C. § 1446(b)(3).  (Dkt. No. 1.)  Luk now moves to remand the case to state court.  (See Mtn.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed.  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court.  Id.  This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

## III.  DISCUSSION

Luk asserts three grounds for remand: (1) removal was untimely because the grounds for removal were evident on the face of the complaint; (2) Costco waived its right to remove by making substantial efforts to defend the claim in state court; and (3) the Notice of Removal does not establish diversity of the parties.  The Court will address

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:22-cv-01970 JVS (JDE)　　　　　　　　　Date  December 13, 2022

Title  Agnes Luk v. Costco Wholesale Corporation et al

each in turn.

### A. Removal is Untimely

Luk first asserts that removal was untimely because the grounds for removal were evident on the face of the complaint. (Mtn. at 3.) Generally, a defendant must remove an eligible civil action within 30 days of receiving service of the complaint. 28 U.S.C. § 1446(b)(1). If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant of . . . a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

It is undisputed in this case that the initial complaint did not allege a specific dollar amount of damages. Until Luk's Statement of Damages, the only damages calculation was the case's classification in state court as an unlimited civil case, denoting a minimum amount in controversy of $25,000. Accordingly, because the face of the initial pleading "lacked any indication of the amount in controversy, it did not trigger this first thirty-day removal period" in Section 1446(b)(1). Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885 (9th Cir. 2010).

However, a party may have sufficient information to provide notice of removability even in the absence of an allegation of damages on the complaint. Specifically, in "cases involving severe injuries, especially those involving surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied." Hammarlund v. C.R. Bard, Inc., 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015). While parties "need not make extrapolations or engage in guesswork," defendants seeking to remove a case must "apply a reasonable amount of intelligence in ascertaining removability." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013) (internal quotations omitted) (finding that a defendant should have performed simple multiplication of the figures alleged in the complaint to determine the amount in controversy exceeded $75,000).

Here, Luk argues that her complaint alleged severe injuries: a broken knee which caused her to incur hospital and other medical expenses. (Mtn. at 4; see also Dkt. No. 1, Ex. B.) She asserts that these allegations do not require "guesswork to know that the amount in controversy exceed $75,000." (Mtn. at 5.) Although a broken knee is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01970 JVS (JDE) | Date | December 13, 2022 |
| Title | Agnes Luk v. Costco Wholesale Corporation et al | | |

certainly not a trivial injury, the Court nevertheless finds the amount in controversy was not apparent on the face of the complaint.  See Carvalho, 629 F.3d at 885.  Courts holding that a defendant must infer an amount in controversy sufficient to render the case removable encountered much different facts than what are now before this Court.  For example, in Hammarlund, the court found it "more likely than not" that the amount in controversy exceeded $75,000 "based on Plaintiff's allegations of a recurred umbilical hernia, small bowel obstruction, and kidney damage," that required surgery, causing permanent scarring, a four-day hospital stay, "severe and permanent bodily injuries," and "significant mental and physical pain and suffering."  2015 WL 5826780, at *2.

Similarly, in Fjelstad v. Vitamin Shoppe Industrial LLC, the initial complaint identified the "nature and severity" of the plaintiff's injuries, stating that she "sustained third-degree burns to her breast, chest, and torso." 2021 WL 364638, at *4 (C.D. Cal. Feb. 3, 2021).  The complaint additionally specified the extent of the plaintiff's medical treatment, including "hospitalization, skin graft surgery, debridement and skin harvesting from [her] own body," as well as the additional medical care she would require. Id.  The complaint further alleged that the plaintiff would be "permanently incapacitated to a significant extent and unable to perform certain types of work activities and other activities related to her career," resulting in wage loss and loss of earning capacity." Id. Based on the extent and specificity of the allegations, the court held it was facially apparent the amount in controversy would exceed $75,000 despite not being specifically plead.  Id.

Here, conversely, the complaint filed in state court only alleged a broken knee. Specifically, under "description of reasons for liability," the complaint stated "Food was left on the floor and plaintiff walked on it and tripped.  This resulted in a broken knee." (Complaint at 4.)  The complaint specified that Luk suffered "hospital and medical expenses" as well as "general damages."  (Id.)  The complaint did not allege that Luk required surgery, that she would suffer any long-term disability or impairment, or emotional damages. While the Court does not discount the severity of a knee injury, it cannot be said that a knee injury alone necessarily results in damages in excess of $75,000.  Cf. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) (finding the amount in controversy was satisfied in a slip and fall case, where the plaintiff alleged (1) injuries to her wrist, knee, upper and lower back, (2) loss of wages and earning capacity, and (3) permanent disability and disfigurement); Campbell v. Bridgestone/Firestone, Inc., 2006 WL 707291, at *3 (E.D. Cal. Mar. 17, 2006) (finding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01970 JVS (JDE) | Date | December 13, 2022 |
| Title | Agnes Luk v. Costco Wholesale Corporation et al | | |

the amount in controversy satisfied where the plaintiff suffered head trauma, a broken arm, broken wrist, a deep laceration to his lower leg, and sought damages for wage loss, property loss, hospital and medical expenses, and loss of earning capacity).

Because it was not apparent from the face of the complaint that the amount in controversy exceeded $75,000, the case was not removable at the time it was filed. The case became removable on October 13, 2022 when Luk submitted her Statement of Damages, reflecting a specific damages amount of $11,000,000. (See Statement of Damages, Dkt. No. 1, Ex. G.) At that time, Costco had thirty days to file a notice of removal. See 28 U.S.C. § 1446(b)(3). Costco filed its Notice of Removal on October 26, 2022, well within the thirty-day requirement. (Dkt. No. 1.)

Accordingly, the Court **DENIES** Luk's motion for remand on the grounds that removal was untimely.

    B.    *Waiver of the Right to Remove*

Luk next argues that Costco waived its right to remove this case when it engaged in significant efforts to defend against the claim in state court. (Mtn. at 5-6.) "A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." Resol. Tr. Corp. v. Bayside Devs., 43 F.3d 1230, 1240 (9th Cir. 1994). Here, Luk asserts that Costco's "breadth of discovery served," including "over 200 interrogatories as well as document requests and requests for admission" was a "substantial defensive effort." (Mtn. at 5-6.)

The Court need not decide whether Costco's discovery endeavors constituted a "substantial defensive effort" because, as discussed above, the case was not removable until October 13, 2022. Accordingly, Costco did not abandon its right to remove because it had no right to exercise. See Soliman v. CVS RX Servs., Inc., 570 F. App'x 710, 712 (9th Cir. 2014) ("CVS also did not waive its right to remove through its appearances in state court, as those appearances were before it became apparent that the case was removable"); Thompson v. Target Corp., 2016 WL 4119937, at *11 (C.D. Cal. Aug. 2, 2016) ("While Defendant aggressively litigated this matter at various levels of the California court system prior to removal, the Court finds Defendant did not receive any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01970 JVS (JDE) | Date | December 13, 2022 |
| Title | Agnes Luk v. Costco Wholesale Corporation et al | | |

document from which it could ascertain the removability of Plaintiff's class claims until Plaintiff's e-mail on January 11, 2016").

Accordingly, the Court **DENIES** Luk's motion to remand on the grounds that Costco waived its right to remove the case to federal court.

C. *Failure to Show Diversity of Citizenship*

Finally, Luk argues that Costco did not adequately prove diversity of citizenship in its Notice of Removal. (Mtn. at 7.) Diversity jurisdiction requires complete diversity of parties. See 28 U.S.C. § 1332. Corporations are deemed citizens both where they are incorporated and where they have their principal place of business. See 28 U.S.C. § 1332(c)(1). Because citizenship of the parties was not plead in Luk's state court complaint, Costco bears the burden of showing diversity of citizenship. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). In its Notice of Removal, Costco alleged it "was, at the time of the filing of this action, and still is, a citizen of the State of Washington, where it has its principal place of business and where it is incorporated." (Dkt. No. 1 ¶ 8.) The Notice then cites to a page from the California Secretary of State's website which reflects that Costco was "Formed In" Washington and has a mailing address in Seattle, Washington. (Id., Ex. H.) The Notice also cites to the Declaration of Deborah Tropp, one of Costco's attorneys, in which she attests to Costco's state of incorporation and principal place of business being in Washington. (Id., Tropp Decl. ¶ 7.)

Luk argues this showing is insufficient to establish diversity of citizenship because the website lists "N/A" under "Principal Address," and an attorney would not have personal knowledge of a corporation's principal place of business. (Mtn. at 7.) This argument is unavailing. The party seeking to bring a case in federal court under diversity jurisdiction must adequately allege diversity in its pleadings. Corporations are citizens both of the state (or states) in which they are incorporated and the state in which it has its principal place of business. See 28 U.S.C. § 1332(c). The Supreme Court has defined a corporation's "principal place of business" as the location where a corporation's high level officers direct, control and coordinate its activities on a day to day basis. Hertz Corp. v. Friend, 559 U.S. 77, 92 (2010).

Here, the Court finds Costco has adequately alleged its states of citizenship for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01970 JVS (JDE) | Date | December 13, 2022 |
| Title | Agnes Luk v. Costco Wholesale Corporation et al | | |

purposes of establishing diversity jurisdiction. Although the California Secretary of State's website indeed lists "N/A" under "Principal Address," the address listed for Costco is in Seattle, Washington. (Dkt. No. 1, Ex. H.) In its opposition, Costco asserts that the "majority of the high level officers are located in the State of Washington." (Opp'n. at 5.) Furthermore, the declaration of an attorney, made under the penalty of perjury, is sufficient to establish facts that are readily ascertainable, such as their client's principal place of business.

Therefore, the Court **DENIES** Luk's motion to remand on the grounds that Costco failed to adequately allege diversity of citizenship.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Luk's motion to remand. The Court finds that oral argument would not be helpful in this matter and **VACATES** the December 19, 2022 hearing. Fed R. Civ. P. 78; L.R. 7-15.